IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KENNETH NEWKIRK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:13CV570–HEH |
| | ) |
| LOUIS LERNER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Kenneth Newkirk, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Newkirk is currently detained pending his trial in the Circuit Court for the City of Hampton ("Circuit Court") for first-degree murder and shooting/stabbing in commission of a felony.[1] Newkirk's trial for the foregoing charges is currently set to begin on December 17, 2013.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir.

---

[1] *See* http://www.courts.state.va.us/courts/circuit/hampton (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Hampton Circuit" from drop-down menu and follow "Begin" button; type "Newkirk, Kenneth," and then follow "Search by Name" button; then follow hyperlinks for "CR11000878–00" and "CR11000878–01"). Newkirk emphasizes that he has not yet been convicted. Newkirk states "THERE WAS NO JUDGEMENT [sic] OF CONVICTION, I HAVE NOT WENT [sic] TO TRIAL." (§ 2254 Pet. 1.) Newkirk challenges pretrial proceedings in "CR11000878–00, CR11000878–01." (*Id.*)

2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* at 531 (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951)).[2] "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92–7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court

---

[2] "In the pretrial context, the exhaustion requirement is imposed to preclude '*the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.*'" *Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (emphasis added) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973)). The Supreme Court used the highlighted language "to distinguish between two types of speedy trial claims. The appropriate habeas claim where the habeas petitioner sought to compel the state to bring him to trial, rather than the illegitimate habeas claim where the petitioner seeks to abort a scheduled trial on speedy trial grounds." *Id.* at *2 n.3 (citing *Moore v. DeYoung*, 515 F.2d 437, 445–46 (3d Cir. 1975)).

remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 224 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand."). Here, the issues raised by Newkirk, both in his § 2254 Petition and his subsequent submissions, may be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"). Newkirk fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Newkirk's § 2254 Petition and the action will be dismissed without prejudice because Newkirk has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Williams v. Simmons*, No. 3:10CV709–HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing without prejudice similar habeas petition by pretrial detainee).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Newkirk is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 9 2013
Richmond, Virginia